IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 17 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

PEREZ FUNCHES,

    Petitioner,

v.

DONALD HULICK,

    Respondent.

Case No. 04 C 6790

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner Perez Funches (hereinafter, "Perez") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254. For the following reasons, Funches' motion is **DENIED**.

### I. BACKGROUND

On June 14, 1993, following a jury trial in Kane County Circuit Court, Funches was convicted of first degree murder and sentenced to a term of sixty years. Funches appealed his conviction and sentence. On March 22, 1996, the Illinois Appellate Court vacated the judgment, ruling that Funches should have been able to represent himself in the post-trial proceedings, and remanded the case. On remand, Funches' sentence was reduced from sixty to fifty-five years.

Funches appealed asserting that: (1) he was denied a fair trial when the prosecutor improperly bolstered the credibility of Anthony Gibson, the State's star witness; (2) he was denied effective assistance of counsel because his trial counsel failed to

call a witness who would have cast doubt on Gibson's credibility and failed to object to the prosecutor's improper bolstering of Gibson; and (3) the trial court abused its discretion when it failed to sustain Funches' objections regarding threats made to witnesses and alleged misstatements during the state's closing arguments. The Illinois Appellate Court affirmed. On March 19, 1999, Funches filed a petition for leave to appeal (the "PLA") to the Illinois Supreme Court. He only raised two issues in the PLA - that the prosecutor vouched for Gibson's credibility and misrepresented the lighting conditions during closing arguments. The Illinois Supreme Court denied the PLA.

On July 19, 1999, Funches filed a petition for post-conviction relief in state court. After an evidentiary hearing, the Circuit Court denied his petition. Funches appealed, raising five issues: (1) violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) ineffective assistance of trial and appellate counsel; (3) abuse of discretion by the court for failing to inquire about a potential conflict of interest between with his trial counsel; (4) ineffective appellate counsel for failing to raise insufficient evidence as an issue on direct appeal; and (5) denial of a fair trial because Gibson later signed an affidavit recanting his testimony at Stephen Griffin's trial, Funches' co-defendant. The Appellate Court affirmed the denial of the post-conviction petition.

Funches then filed a PLA asserting three issues: (1) the state violated *Brady*; (2) the appellate court erred in finding that Funches waived his ineffective assistance of counsel claims; and (3) due to trial counsel's ineffectiveness, a conflict arose between Funches and his counsel. The Illinois Supreme Court denied the PLA.

On October 21, 2004, Funches timely filed the instant motion, raising four claims: (1) ineffective assistance of trial counsel for failure to subpoena two witnesses and secure Gibson's criminal history; (2) insufficient evidence presented to prove guilt beyond a reasonable doubt; (3) *Brady* violation; and (4) denial of a fair trial due to the court's failure to inquire about a possible conflict with his counsel.

## II.  **PROCEDURALLY DEFAULTED CLAIMS**

A state-court prisoner can petition the federal courts for habeas relief under 28 U.S.C. § 2254. To have a cognizable claim, a petitioner must show that his custody is in violation of the U.S. Constitution, laws, or treaties. *See Steward v. Gilmore*, 80 F.3d 1205, 1214 (7th Cir. 1996). A petitioner waives the right to federal review of his constitutional claims if they are procedurally defaulted. *See Farrell v. Lane,* 939 F.2d 409, 410-11 (7th Cir. 1991). A claim is procedurally defaulted if the petitioner has not afforded the state courts a full and fair opportunity to review the claim. *See O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999); *Farrell*, 939 F.2d at 410. A habeas petition is also procedurally defaulted and barred from federal review if a state court declines to review it due to petitioner's failure to satisfy a state procedural rule. *See Pisciotti v. Washington*, 143 F.3d 296, 300 (7th Cir. 1998). However, a "federal habeas petitioner may raise a federal claim which has been procedurally defaulted if he can demonstrate adequate *cause* to excuse his failure to raise the claim in state court and actual *prejudice* resulting from the default." *Farrell*, 939 F.2d at 411.

### A. Ineffective Assistance of Counsel

Funches asserts two bases for his ineffective assistance of counsel claims. First, Funches asserts that his trial counsel failed to properly subpoena two defense witnesses. Funches initially raised this issue on direct appeal in the appellate brief, but he failed to raise it in his PLA to the Illinois Supreme Court. Due to his failure to include this claim in the PLA, the Illinois Supreme Court did not have a full and fair opportunity to review it.

In his motion, Funches appears to argue that he could not have raised this issue until post-conviction proceedings because his appellate counsel refused to do so on appeal. The Court concludes that this argument lacks merit -- Funches' appellate brief included this subpoena issue -- clearly indicating no refusal by appellate counsel to raise the issue on appeal. The arguments presented and

evidence in the record does not suggest that there exists adequate cause to excuse the default or adequate prejudice from the failure, and accordingly, the ineffective assistance claim based upon the subpoena issue is procedurally barred.

Second, Funches argues that his trial counsel's assistance was constitutionally inadequate because he failed to secure Gibson's criminal history. Funches did not raise this ineffective assistance claim on direct appeal. Citing *People v. Stewart*, 123 Ill.2d 368, 372 (1988), the Illinois Appellate Court during post-conviction proceedings found this issue waived because it could have been presented on direct appeal, but was not (waiver of issues not raised on direct appeal).

Funches asserts that the court erred in finding waiver. He contends that the plain error standard should have applied because the evidence was closely balanced. The Court notes that the Illinois Appellate Court expressly found that there was substantial evidence against Funches at trial, and discussed some of the pertinent testimony in its decision. The court was correct to find waiver. This alleged issue existed at the time Funches filed his appeal, Funches *could have* and *should have* raised it during his direct appeal. This conclusion is especially apparent in light of the fact that Funches raised other ineffective counsel claims during his direct appeal. Moreover, the Seventh Circuit has held that "[i]f a claim is found to be waived by an Illinois appellate

court, that constitutes an independent and adequate state ground and we will not entertain that claim." *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997). Accordingly, Funches' claim is procedurally defaulted and not subject to federal review.

### B. Sufficiency of Evidence

Funches argues that there was not sufficient evidence presented at trial to prove him guilty beyond a reasonable doubt. Specifically, Funches contends the evidence presented shows that he could not have been the shooter. Funches first raised this issue in his state post-conviction appeal. The Illinois Appellate Court concluded that Funches' appellate counsel was not ineffective for failing to raise insufficiency of the evidence because there was substantial evidence presented against Funches at trial, and any such challenge would have been non-meritorious. Funches did not raise this issue in the PLA to his post-conviction proceedings, and has not demonstrated that there is adequate cause to excuse the failure. Therefore, this claim is also procedurally defaulted.

### III. **REMAINING CLAIMS**

To prevail in a habeas corpus action, a petitioner must show that the state court's decision involved in an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" or that the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). "A state

court's factual determination is presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence." *Id.* at § 2254(e). Federal court intervention is only permissible when a state court decision is objectively unreasonable. *See Woodford v. Visciotti*, 537 U.S. 19, 27 (2002).

### A. Brady Violation

Funches claims that the state violated *Brady* by knowingly withholding evidence regarding Gibson's criminal history. To succeed on a *Brady* violation claim, "a defendant must establish that (1) the prosecution suppressed or withheld evidence that (2) was favorable and (3) material to the defense." *Crivens v. Roth*, 172 F.3d 991, 996 (7th Cir. 1999).

Funches acknowledges that his counsel obtained "contact cards" from the state regarding Gibson that "suggested" he had a criminal history. (Resp. Br. at 2). He argues, however, that despite two pre-trial discovery requests, the state failed to produce files on Gibson's criminal history. The Illinois Appellate Court considered this claim and concluded that the State did not withhold evidence. In so holding, the court found that Funches' trial counsel knew of Gibson's criminal history. In fact, the trial record reflected that Funches' counsel referenced Gibson's criminal history in his opening statement and spent considerable time discussing it in his closing argument. Additionally, Gibson himself testified about his

felony convictions during the trial, and Funches' counsel cross-examined him on this subject. The Court concludes that the Illinois Appellate Court's decision was based upon a reasonable determination of the facts in light of the evidence presented, and a reasonable application of the law. Accordingly, Funches' motion is denied.

## B. Alleged Conflict With Counsel

Funches' final assertion is that he was denied a fair trial because the court failed to inquire about a possible conflict between himself and his trial counsel – he claims his counsel "limit[ed] [his] defense." (Br. at 21). The Illinois Appellate Court concluded that no error occurred and that there had been no unfair prejudice to Funches. The court noted that Funches did not complain of, or object to, his counsel's performance until after the defense rested. Funches later complained that his trial counsel failed to call certain witnesses and did not ask certain questions he requested. The Illinois Appellate Court properly found that this type of disagreement is not a conflict of interest and further noted that decisions regarding trial strategy are best left to counsel. *See People v. Gustafson*, 75 Ill.App.3d 497, 500 (Ill. App. 1979). Funches' allegations are better described as a disagreement over trial strategy. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington,* 466 U.S. 668, 689 (1984). The Illinois Appellate Court did not unreasonably apply the law or determine the facts. Accordingly, Funches' motion is denied on this basis.

## IV. CONCLUSION

For the reasons stated herein, Funches' Motion to Vacate, Set Aside or Correction Sentence is **DENIED**.

**IT IS SO ORDERED.**

                                                                Harry D. Leinenweber, Judge
                                                                United States District Court

Dated: May 17, 2005